UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
JUN 0 6 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RICHARD ALLEN HAFNER, | CIV. 06-4039 |
| Plaintiff, | |
| vs. | ORDER ON MOTIONS |
| DANIEL LEMOGES, Sheriff; MARK NELSON, Head Jailer; and JOHN DOE, Jailer; all Defendants in their individual and official capacities, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are Plaintiff's Motion to Appoint Counsel (Doc. 3) and Motion for Reconsideration of Initial Partial Filing Fee (Doc. 9).

**Motion to Appoint Counsel**

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Plaintiff has clearly articulated his claims in an intelligible fashion. This case is not legally complex. Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the Court does not find it necessary to appoint counsel in this matter. The benefit to the Court of appointment of counsel would not be substantial as the Court is well aware of the law regarding plaintiff's claim. Plaintiff, although incarcerated, is able to investigate the facts of his claim. It is not clear at the present time whether

there will be conflicting testimony in this case. Considering all the relevant factors, as discussed above, and upon the record to-date, it is hereby

ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is DENIED without prejudice.

## Motion for Reconsideration

Plaintiff filed letters on March 27, 2006, March 29, 2006, and June 1, 2006, relative to the initial partial filing fee assessed pursuant to the court's order dated March 20, 2006. Based on a review of the letters, Plaintiff's Motion for Reconsideration (Doc. 9) is GRANTED. Plaintiff may file an amended prisoner trust account report filled out by the prison officials and the court will recalculate the initial partial filing fee payment. In the alternative, plaintiff may pay an initial partial filing fee of $50.00 to the clerk of this court on or before July 14, 2006.

## ORDER

Based on the above, it is hereby

ORDERED that:

1. Plaintiff's Motion for Appointment of Counsel (Doc. 3) is DENIED without prejudice.

2. Plaintiff's Motion for Reconsideration (Doc. 9) is GRANTED. Plaintiff may file an amended prisoner trust account report completed by prison officials on or before July 14, 2006, and the court will recalculate the initial partial filing fee payment. In the alternative, plaintiff may pay an initial partial filing fee of $50.00 to the clerk of this court on or before July 14, 2006.

Dated this 6th day of June, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy
(SEAL)

2