FILED

JUN - 6 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RICHARD ALLEN HAFNER, | * | CIV. 06-4039 |
| Plaintiff, | * | |
| vs. | * | |
| DANIEL LEMOGES, Sheriff; | * | REPORT AND RECOMMENDATION TO DISMISS ¶ 8 AND ¶ 10 UPON SCREENING |
| MARK NELSON, Head Jailer; and | * | |
| JOHN DOE, Jailer; all Defendants in their individual and official capacities, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff was an inmate at the Union County Jail in Elk Point, South Dakota, at the time he filed his complaint. He currently is incarcerated at the Mike Durfee State Prison. He alleges ten claims. Eight of these claims survive screening. Paragraphs 8 and 10 are **RECOMMENDED** for dismissal.

## BACKGROUND

In paragraph 8 Mr. Hafner alleges that he was allowed to shave once per week with cheap shavers causing him to cut himself. He was not allowed to shave for court appearances. In paragraph 10 Mr. Hafner alleges the Union County Jail charged him $1200 to be incarcerated. The account was assigned to a collection agency. He had no chance to dispute the charge or to make payments before this act ruined his credit.

For these and the other claims he has named as defendants Sheriff Dan Limoges, Mark Nelson (head jailer), and Tim Last Name Unknown (jailer) in both their individual and official capacities.

For relief he requests that an attorney should be appointed and that compensatory and punitive damages should be awarded.

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Paragraph 8 should be dismissed with prejudice because the allegation fails as a matter of law to state a claim upon which relief can be granted. An inmate's claim that he was denied certain personal hygiene items was not sufficient to state a claim for cruel and unusual punishment. Buckley v. Barlow, 997 F.2 494,496 (8th Cir. 1993). Discomfort does not amount to cruel and unusual punishment. Id. The Eighth Circuit has not addressed the shaving issue in the same context in which Mr. Hafner raises it here. Other courts have. McCoy v. Goord, 255 F.Supp.2d 233, 260 (S.D. New York 2003)(failure to provide razors for shaving does not rise to the level of constitutional concern); Williams v. Lehigh Department of Corrections, 79 F.Supp.2d 514,519 (E.D. Pennsylvania 1999)(no basis to believe that Mr. Williams' health or hygiene suffered from the limited showers and shaving opportunities). Mr. Hafner has alleged no injury or prejudice from the limitations on his shaving opportunities which would suggest there should be a different result in his case.

Paragraph 10 should be dismissed with prejudice because the allegation fails as a matter of law to state a claim upon which relief can be granted. SDCL 24-11-45, 45.1, and 46 obligate Mr.

Hafner and all inmates confined to any jail while serving a sentence to pay the cost of the prisoner's confinement. Mr. Hafner alleged that he was a pre-trial detainee. That does not change the conclusion. There is no federal statutory or constitutional right which is violated by South Dakota's requirement that Mr. Hafner and all inmates should pay the costs of incarceration, nor is it a violation of any of Mr. Hafner's federal rights when the claim is sent to a collection agency.

## CONCLUSION

None of Mr. Hafner's federal statutory or constitutional rights were violated when he was allowed to shave only once each week and when he was obligated by South Dakota law to pay the costs of his incarceration. These claims fail as a matter of law to state a claim upon which relief can be granted. It is **RECOMMENDED** that these claims should be dismissed with prejudice. The other claims asserted in Mr. Hafner's § 1983 complaint survived screening and a separate Order will be filed allowing Mr. Hafner to serve those claims on the defendants.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 6th day of June, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: Sharon Jours , Deputy

3