UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED

DEC 14 2006



* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RICHARD ALLEN HAFNER, | * | CIV. 06-4039 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER |
| DANIEL LIMOGES, Sheriff; MARK NELSON, Head Jailer; and TIM SIMONS, in their individual and official capacities, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court are Plaintiff's Motion to Amend, Doc. 40, Defendants' Motion Requiring Plaintiff to Provide Information As To New Address, Doc. 42, and Plaintiff's Motion to Extend Discovery Deadline, Doc. 47. For the reasons set forth below, Plaintiff will be allowed to amend his Complaint, and a new scheduling order will be entered. On October 27, 2006, a letter from Plaintiff was filed informing the Court and Defendants of Plaintiff's new address, thus rendering Defendants' motion regarding Plaintiff's new address moot.

Plaintiff was incarcerated in the Union County Jail and the claims asserted by Plaintiff in this action pursuant to 42 U.S.C. § 1983 relate to that confinement. Plaintiff claims the Defendants violated his constitutional rights by the following acts: read his legal mail; denied him recreation for weeks at a time; threatened him for trying to protect his constitutional rights; were deliberately indifferent to his serious medical needs regarding an abscessed tooth, an allergic reaction to smoke and a cold; forced him to use cleaning chemicals intended for use in well-ventilated areas in his cell that was not well-ventilated; and charged him excessive amounts to use the telephone to call his

attorney and monitored his calls to his attorney. Two of Plaintiff's claims, as stated in paragraphs 8 and 10 of his Complaint, were dismissed by the Court prior to service on the Defendants.

In his motion to amend, Plaintiff seeks to: (1) correct the spelling of the Sheriff's name; (2) identify the John Doe defendant listed in the Complaint; and (3) add additional detail regarding his claims that were not dismissed by the Court and clarify how each of the Defendants violated his constitutional rights.

Although a plaintiff does not have an automatic right to amend his complaint, Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment ....'" *Id.* (quoting *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989)). Delay in moving to amend the complaint is insufficient by itself to deny leave to amend. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004); *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). "Rather, the party opposing the motion must show it will be unfairly prejudiced." *Dennis*, 207 F.3d at 525.

The Court does not find that Plaintiff has unduly delayed this action or that his proposed amendments are made in bad faith or with a dilatory motive. There have been no prior amendments to the Complaint, there is no showing of undue prejudice to Defendants or that the amendments would be futile. Therefore, the Court finds no good reason to deny the Plaintiff's request to amend his Complaint and his request will be granted.

Plaintiff requests that the discovery deadline in this action be extended to allow him to obtain and review legal books to help him prosecute this action. Following his release from prison on September 29, 2006, Plaintiff had no place to live. He has now obtained housing and is attempting to pursue this action. This motion will be granted and a new scheduling order will be entered by the Court. Accordingly,

IT IS ORDERED:

1. That Defendants' Motion Requiring Plaintiff to Provide Information as to New Address, Doc. 42, is denied as moot.

2. That Plaintiff's Motion to Amend, Doc. 40 is granted. The Clerk of Court shall file Plaintiff's Amended Complaint and send USM-285 forms to Plaintiff for service of the Amended Complaint on the Defendants. Plaintiff should complete such forms and return them as instructed by the Clerk. The caption shall be amended as set forth above.

3. That Plaintiff's Motion to Extend Discovery Deadline, Doc. 47, is granted and a separate amended scheduling Order will be entered by the Court.

Dated this 14th day of December, 2006.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: _Sharon Soward_ , Deputy
(SEAL)

3